## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| GREGORY E. STEVENSON,        ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.                    ) | No. 1:21-cv-00106-SNLJ |
| ) | |
| CLIFF JACKSON, et al.,       ) | |
| ) | |
| Defendants.         ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Gregory E. Stevenson, an incarcerated person at Eastern Reception Diagnostic and Correctional Center, to proceed in the district court without prepaying fees or costs. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

### **Partial Initial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff did not submit a certified copy of his inmate account statement, but based upon the information provided in his application, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Background**

Plaintiff initiated this civil action on July 20, 2021 by filing a complaint pursuant to 42 U.S.C. § 1983 against the following officers from the Sikeston Police Department: Cliff Jackson, Ciara Shaffer, Zackery Boyed, Flint Dees, Caldon Odem, Ryan Vicient, Jim McMillan, and Brian Dover. This case is one of five civil actions plaintiff has initiated in this Court *pro se* and *in forma pauperis* since December 21, 2020. *See Stevenson v. Shaffer, et al.*, No. 1:20-cv-271-SNLJ (E.D. Mo. Dec. 21, 2020); *Stevenson v. Horack, et al.*, No. 1:21-cv-42-JMB (E.D. Mo. Mar. 23, 2021); *Stevenson v. Drury, et al.*, No. 1:21-cv-60-NCC (E.D. Mo. Apr. 16, 2021); and *Stevenson v. Brownlee, et al.*, No. 1:21-cv-72-ACL (E.D. Mo. Apr. 30, 2021). In those actions, plaintiff either challenged the conditions of his confinement, or as in this case, sued individuals involved in his underlying criminal case based upon alleged wrongdoings during his arrest on September 21, 2020 or his subsequent criminal proceedings.

On June 10, 2021, a jury convicted plaintiff of three misdemeanor counts of assault of a police officer and one felony count of resisting or interfering with an arrest. *See State v. Gregory Earl Stevenson*, No. 20SO-CR01206-01 (33rd Jud. Cir. 2020). On August 25, 2021, the Missouri state court sentenced plaintiff to one year' imprisonment on each of the three counts of assault of a police officer and seven years' imprisonment on count four for felony resisting or interfering with arrest, all terms to run concurrently. Plaintiff appealed his conviction, and the appeal is pending in the Missouri Court of Appeals for the Southern District.

## The Complaint

In this case, plaintiff asserts claims that defendants violated his Fourth and Eighth Amendment rights arising out of his arrest on September 21, 2020. He alleges he was falsely arrested and imprisoned and maliciously prosecuted. He alleges officers used excessive force in his arrest and then to cover up this alleged excessive force officers brought fabricated charges against plaintiff for resisting arrest.

## Discussion

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a

time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to his criminal charges in *State v. Stevenson*. These claims relate to rulings that were likely made in his criminal trial and are now on appeal in the state court. *Wallace*, 549 U.S. at 393. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter has been resolved through criminal appeals, as well as through post-conviction processes. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceedings and post-conviction proceedings against plaintiff relating to his criminal case of *State v. Stevenson*, No. 20SO-CR01206-01 (33rd Jud. Cir. 2020).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the appeal of the criminal charges pending against him in *State v. Stevenson*, No. 20SO-CR01206-01 (33rd. Jud. Cir 2020).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *State v. Stevenson*, No. 20SO-CR01206-01 (33rd. Jud. Cir 2020). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

Dated this ___8th___ day of November, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE